UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CASE NO.:

BUINA COLLINS,

    *Plaintiff*,

vs.

AETNA, INC., THE DOW CHEMICAL COMPANY, and THE DOW CHEMICAL COMPANY RETIREE MEDICAL CARE PROGRAM,

    *Defendants*.

_____/

## COMPLAINT

Plaintiff, Buina Collins ("Collins"), sues Defendants, Aetna, Inc. ("Aetna"), The Dow Chemical Company ("Dow"), and The Dow Chemical Company Retiree Medical Care Program (the "Plan"), as follows:

### NATURE OF THE ACTION, PARTIES, JURISDICTION, AND VENUE

1. This is an action arising under the laws of the United States, specifically the Employment Retirement Income Security Act of 1974, Title 29, United States Code, Sections 1000-1461 ("ERISA"), for Aetna's wrongful denial of Collins' health insurance benefits (which such benefits, upon information and belief, are self-funded by Dow and / or the Plan).

2. Collins was at all material times a citizen and resident of Tomball, Texas, and is in all respects *sui juris*.

3. Upon information and belief, Aetna was at all material times an insurance company incorporated in (and / or with principal place of business in) the State of Connecticut and engaged in the business of selling health insurance, administering health insurance (in claim administrator and / or plan administrator, at least *de facto*, capacities), and / or deciding and paying health insurance claims throughout the State of Texas.

4. Upon information and belief, Dow and / or the Plan was at all material times a company incorporated in the State of Delaware with a principal place of business in the State of Michigan and was / is Plan administrator (in whole or in part) and sponsor of the Plan involving participants residing in the State of Texas (*e.g.*, Collins).

5. This Court possesses original jurisdiction pursuant to Title 29, United States Code, Section 1132(e), and Title 28, United States Code, Section 1331.

6. Venue is proper in the Southern District Court of Texas pursuant to Title 29, United States Code, Section 1132(e)(2) and / or Title 28, United States Code, Section 1391(b)(2) because, for example, (a) the subject contractual breaches giving rise to this action were effectuated by Aetna in Harris County, Texas, (b) claim correspondence (including claim denial correspondence) was delivered by Aetna to Collins in Harris County, Texas, (c) the medical bills (which now make up the damages sought in this litigation) that Collins was forced to pay out-of-pocket due to Aetna's refusal to cover same were delivered to Collins in Harris County, Texas and paid by Collins in Harris County, Texas, (d) the subject insurance policy / plan was delivered to Harris County, Texas, (e) Collins resides in Harris County, Texas, (f) Defendants conduct business in Harris County, Texas, (g) claim submissions under the Plan are to be directed an Aetna Post Office Box in Texas, and (h) Aetna's claim decision correspondence indicates that Plan participants

can direct inquiries to the Texas Consumer Health Assistance Program Texas Department of Insurance.

7. All conditions precedent to the institution of this action (*e.g.*, administrative appeals) have occurred, been performed, been waived, or would be futile.

## COMMON ALLEGATIONS

8. At all material times, Collins was a participant in the Plan (Plan No. 501), with Member ID No. W0000138792. The Plan document in Collins' possession is attached as **Exhibit A**.

9. On or about August 31, 2016, Collins received necessary medical services. Thereafter in 2016, Collins timely submitted a claim relating to same. Thereafter in 2016, Aetna improperly denied the claim. Thereafter in 2016, Collins requested the administrative record.

10. After receiving the administrative record, Collins timely submitted a comprehensive appeal package by letter dated May 31, 2017. The appeal package consisted of, among other things, a non-treating medical expert's report, which such report, among other things, substantiates Collins' medical condition, the need for the medical services she received, and the satisfaction of Aetna's coverage "guidelines" (and that assumes *arguendo* that Aetna's "guidelines" govern anyway). Collins' May 31, 2017, appeal package is incorporated herein by reference.

11. By letter dated August 4, 2017, Aetna rendered its final, incorrect claim denial. Aetna's August 4, 2017, letter is incorporated herein by reference.

12. Collins' subject medical services trigger the Plan document's coverage grants (and even Aetna's coverage "guidelines") and no exclusions.

13.     At all material times, the Plan was in full force and effect and was a binding contract under ERISA.

14.     At all material times, Plan premiums were current.

15.     Aetna's denial of health insurance benefits (which such benefits are funded, in whole or in part, by Dow and / or the Plan) breached the subject contract (*i.e.*, the Plan, Ex. A), violated ERISA, and / or was equitably untenable; hence, this litigation.

**COUNT I (AGAINST AETNA, DOW, AND THE PLAN) – RECOVERY OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132(A)(1)(B)**

16.     Collins re-alleges Paragraphs 1 through 15 as if fully set forth herein.

17.     This is a claim to recover benefits and enforce rights under 29 U.S.C. § 1132(a)(1)(B).

18.     Pursuant to Title 29, United States Code, Section 1132(a)(1)(B), Collins, as a participant in the Plan and insured under the Plan document (Ex. A), is entitled to sue for judicial determination and enforcement of benefits.

19.     Aetna improperly denied Collins' claim (Case No. 2016122003349) for health insurance benefits (which such benefits may be funded by Dow and / or the Plan, in whole or in part) to which she is entitled under the Plan, in contravention of the Plan document (Ex. A), ERISA, and / or equity.

20.     Collins has no other adequate remedy at law to address the injuries she has suffered as a result of Aetna's denial of benefits (which such benefits may be funded by Dow and / or the Plan, in whole or in part).

21.     As a further result of Aetna's refusal to provide benefits (which such benefits may be funded by Dow and / or the Plan, in whole or in part), Collins has been

forced to retain legal counsel to represent her in this matter and, therefore, is entitled to recover their reasonable attorneys' fees and costs pursuant to Title 29, United States Code, Section 1132(g)(1).

WHEREFORE, Plaintiff, Buina Collins, requests the entry of judgment against Defendants, Aetna, Inc., The Dow Chemical Company, and The Dow Chemical Company Retiree Medical Care Program, for damages including, but not limited to, past-due contractual benefits, attorneys' fees pursuant to Title 29, United States Code, Section 1132(g)(1), costs incurred bringing this action, and for such other relief as this Court deems equitable, just and proper.

Dated this 31st day of January, 2018.

                                      Respectfully submitted,

                                      **MERLIN LAW GROUP, P.A.**
                                      222 Lakeview Ave., Suite 1250
                                      West Palm Beach, Florida 33401
                                      (561) 855-2120
                                      (561) 249-1283 *facsimile*

                                      /s/ Jeffrey L. Greyber
                                      **Jeffrey L. Greyber, Esq.**
                                      Texas Bar No. 24103030
                                      jgreyber@merlinlawgroup.com
                                      hcasebolt@merlinlawgroup.com
                                      *Attorney for Plaintiff*